JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Philip J. Arcuri and Melanie Arcuri, Administrators of the Estate of Andrea Marie Arcuri

**DEFENDANTS**

County of Montgomery

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Craig A. Sopin, Esquire
601 Walnut Street, Suite 160-West
Philadelphia, PA 19106

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☒ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans | ☐ 340 Marine | Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | Exchange |
| | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | | |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Death of an inmate at Montgomery County Prison

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE       DOCKET NUMBER

DATE

October 29, 2020

SIGNATURE OF ATTORNEY OF RECORD

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 6604 Montague Street, Philadelphia, PA 19135

Address of Defendant: One Montgomery Plaza, 8th Floor, Suite 800, Norristown, PA 19404

Place of Accident, Incident or Transaction: 60 Eagleville Road, Eagleville, PA 19403

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 10/29/20 _____ 49587

*Must sign here*
*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.**    *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☒ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
    *(Please specify):* _____

**B.**    *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify):* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
    *(Please specify):* _____

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Craig A. Sopin, Esq. , counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 10/29/20 _____ 49587

*Sign here if applicable*
*Attorney-at-Law / Pro Se Plaintiff*      *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Philip J. Arcuri and Melanie          :          CIVIL ACTION
Arcuri,Administrators of the          :
Estate of Andrea Marie Arcuri         :
    v.                                    :
County of Montgomery, etal.           :          NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    (  )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          (  )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   (  )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                    (  )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                       (  )

(f) Standard Management – Cases that do not fall into any one of the other tracks.           (x )

| October 29, 2020 | Craig A. Sopin, Esq. | Plaintiffs |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-928-0300 | 215-627-3992 | craiga@erols.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

PHILIP J. ARCURI, ADMINISTRATOR OF :
THE ESTATE OF ANDREA MARIE ARCURI :
6604 Montague Street :
Philadelphia, PA 19135 :
    and :
MELANIE ARCURI, ADMINISTRATOR OF :
THE ESTATE OF ANDREA MARIE ARCURI :
1204 Scott Place :
Warwick, PA 18974 :
                Plaintiffs : NO.
      vs. :
                     :
COUNTY OF MONTGOMERY :
One Montgomery Plaza :
8th Floor, Suite 800 :
Norristown, PA 19404 :
    and :
MONTGOMERY COUNTY CORRECTIONAL :
FACILITY :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
BRIAN LEISTER :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
TIARE NIMMO-LEE :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
DOMINIC WILLIAMS :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
CHANTELL ROUNDTREE :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
CORPORAL E. MERCER :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :

```
          and                              :
YOUNGSHIL DUNBAR                           :
c/o Montgomery County                      :
Correctional Facility                      :
60 Eagleville Road                         :
Eagleville, PA 19403                       :
          and                              :
KALENA ANNIS                               :
c/o Montgomery County                      :
Correctional Facility                      :
60 Eagleville Road                         :
Eagleville, PA 19403                       :
          and                              :
JEFFREY TRATENBURG                         :
c/o Montgomery County                      :
Correctional Facility                      :
60 Eagleville Road                         :
Eagleville, PA 19403                       :
          and                              :
DANIEL WHITE                               :
c/o Montgomery County                      :
Correctional Facility                      :
60 Eagleville Road                         :
Eagleville, PA 19403                       :
          and                              :
ERIC MITCHELL                              :
c/o Montgomery County                      :
Correctional Facility                      :
60 Eagleville Road                         :
Eagleville, PA 19403                       :
          and                              :
GREGORY PINCIOTTI                          :
c/o Montgomery County                      :
Correctional Facility                      :
60 Eagleville Road                         :
Eagleville, PA 19403                       :
          and                              :
SEAN GORMAN                                :
One Montgomery Plaza                       :
8th Floor, Suite 800                       :
Norristown, PA 19404                       :
          and                              :
CATHERINE HIEM                             :
One Montgomery Plaza                       :
8th Floor, Suite 800                       :
Norristown, PA 19404                       :
          and                              :
PRIMECARE MEDICAL, INC.                    :
3940 Locust Avenue                         :
Harrisburg, PA 17109                       :
                    Defendants             :
```

## CIVIL ACTION COMPLAINT

AND NOW comes Plaintiffs, Philip J. Arcuri and Melanie Arcuri, as Administrators of the Estate of Andrea Marie Arcuri, by and through their attorney, Craig A. Sopin, Esquire, allege as follows:

1. This action arises from the death of Andrea Marie Arcuri (hereinafter "Decedent"), a 38 year old woman, who died as a result of the conduct and omissions of the defendants in failing to monitor and adequately treat her during a period of time in which she going through opiate withdrawal at the Montgomery County Correctional Facility following an inappropriate placement there by the County Probation Office. Ms. Arcuri's death was a foreseeable and direct result of the conduct of the defendants who were and/or should have been aware of the insufficiency of their policies, procedures, actions and omissions.

## PARTIES

2. Plaintiff, Philip J. Arcuri, is the father of Andrea M. Arcuri, deceased, and an adult individual residing at 6604 Montague Street, Philadelphia, PA 19135.

3. Plaintiff, Melanie Arcuri, is the mother of Andrea M. Arcuri, deceased, and an adult individual residing at 1204 Scott Place, Warwick, PA 18974.

4. On March 8, 2019, Plaintiffs were appointed the administrators of the Estate of Andrea M. Arcuri by the Register of Wills of Philadelphia County. A copy of said appointment is attached hereto as Exhibit A.

5. Defendant, County of Montgomery (hereinafter "Montgomery County") is a county, political subdivision and governmental entity in the Commonwealth of Pennsylvania with a principal place of business of

One Montgomery Plaza, 8th Floor, Suite 800, Norristown, PA 19404.

6. Defendant, Montgomery County Correctional Facility (hereinafter "MCCF") is a county subdivision of Montgomery County and a governmental entity in the Commonwealth of Pennsylvania with a principal place of business of 60 Eagleville Road, Eagleville, PA 19403, and at all times relevant hereto, operated as a prison and maintained custody and control over the decedent.

7. Defendant, Brian Leister (hereinafter "Leister"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Leister is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

8. Defendant, Tiare Nimmo-Lee (hereinafter "Nimmo-Lee"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Nimmo-Lee is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

9. Defendant, Dominic Williams (hereinafter "Williams"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Williams is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him

as a corrections officer at MCCF.

10. Defendant, Chantell Roundtree (hereinafter "Roundtree"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Roundtree is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

11. Defendant, Corporal E. Mercer (hereinafter "Mercer"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Mercer is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

12. Defendant, Youngshil Dunbar (hereinafter "Dunbar"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Mercer is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

13. Defendant, Kalena Annis (hereinafter "Annis"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Annis is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was

acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

14. Defendant, Jeffrey Tratenburg (hereinafter "Tratenburg"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Tratenburg is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

15. Defendant, Daniel White (hereinafter "White"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. White is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

16. Defendant, Eric Mitchell (hereinafter "Mitchell"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Mitchell is a corrections officer employed by the Montgomery County Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

17. Defendant, Gregory Pinciotti (hereinafter "Pinciotti"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of 60 Eagleville Road, Eagleville, PA 19403. Pinciotti is a corrections officer employed by the Montgomery County

Correctional Facility and/or Montgomery County and at all times relevant hereto was acting under color of state law and under the authority provided to him as a corrections officer at MCCF.

18. Defendant, Sean Gorman (hereinafter "Gorman"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of One Montgomery Plaza, 8th Floor, Suite 800, Norristown, PA 19404. Gorman is a Montgomery County Probation Officer and at all times relevant hereto was acting under color of state law and under the authority provided to her by the County of Montgomery.

19. Defendant, Catherine Hiem (hereinafter "Hiem"), is an adult person and resident of the Commonwealth of Pennsylvania with a business address of One Montgomery Plaza, 8th Floor, Suite 800, Norristown, PA 19404. Gorman is a Montgomery County Probation Officer and at all times relevant hereto was acting under color of state law and under the authority provided to her by the County of Montgomery.

20. Defendant, PrimeCare Medical, Inc. (hereinafter "PrimeCare"), is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with a business address of 3940 Locust Avenue, Harrisburg, PA and at all times relevant hereto was responsible for medical care at MCCF by virtue of an agreement, and which acted through their agents or ostensible agents in providing medical care to inmates at MCCF. A Certificate of Merit regarding medical treatment afforded to the decedent at the prison is attached hereto as Exhibit B.

21. At all times relevant hereto, Montgomery County owned, operated, maintained, was responsible for, and/or otherwise controlled the Montgomery County Correctional Facility.

## JURISDICTION AND VENUE

22. The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. Section 1331, as Plaintiffs' claims arise under the United States Constitution and 42 U.S.C. Section 1983. The Court has supplemental matter jurisdiction over state law claims pursuant to 28 U.S. Code Section 1367.

23. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. Section 1391(b) because one or more of the Defendants reside in this district and all Defendants are residents of the Commonwealth of Pennsylvania and a substantial part of the events or omissions giving rise to the claim which occurred in this judicial district.

## FACTS GIVING RISE TO ACTION

24. Prior to decedent's incarceration on December 26, 2018, policy makers in Montgomery County and at PrimeCare were aware of the dangers to people suffering from drug use entering the prison and, particularly, the dangers and risks associated with failing to properly treat and monitor inmates going through withdrawal.

25. On or about December 26, 2018, in the early afternoon, decedent reported to the Montgomery County Adult Probation Office in Norristown for a required routine visit.

26. Apparently, decedent presented with indicia of drug use, namely that she was under the influence of heroin (morphine), fentanyl and acetylfentanyl and her probation officers, including, but not necessarily limited to defendants Sean Gorman and Catherine Hiem, rather than sending her to a hospital or otherwise having her medically evaluated, ordered her transported to MCCF.

27. Gorman and Hiem subsequently transported the decedent to MCCF in Eagleville, PA where she arrived at approximately 2:15 P.M.

28. Corrections Officer (hereinafter "CO") Brian Leister observed decedent slumped to the floor in the prison admission area soon after her arrival after which she was assisted to a bench seat and her restraints removed.

29. At approximately 3:01 P.M., decedent was escorted to the medical screening area and was evaluated by Medical Assistant ("MA"), Marycka Downing, who indicated, inter alia, that decedent had used heroin that day, had track marks on both arms and was not oriented to time, person, or place.

30. The decedent was referred to the Medical Housing and Mental Health Unit.

31. At 3:35 P.M., MA Downing charted that decedent was not oriented, could not keep her eyes open or hold her head up. Moreover, she struggled to answer the simple questions of intake. It was recommended that she would be sent to the medical unit.

32. At 3:27 P.M., decedent was escorted to Cell 9 and returned to the medical booking area at 3:44 P.M. She was not transferred to the medical unit.

33. At some point prior to 3:35 P.M., LPN Nicole McFadden, provided water and Gatorade to the decedent who was noted to be dehydrated. LPN McFadden is the only professional medical person to have seen the decedent.

34. At 4:08 P.M., CO Leister walked past Cell 9.

35. At 4:15 P.M., CO Tiare Nimmo-Lee walked past Cell 9.

36. At 4:25 P.M., CO Dominic Williams walked past Cell 9.

37. At 4:27 P.M., COs Chantel Roundtree and Williams walked past Cell 9.

38. At 5:14 P.M., CO Nimmo-Lee walked past Cell 9. (CO Williams may have also walked past Cell 9 at this time).

39. There is no indication that any of the aforesaid corrections officers evaluated decedent or even ascertained that she was not in distress.

40. At approximately 5:15 P.M., three hours from the time of her prison admission, Corporal E. Mercer observed CO Nimmo-Lee attempt to escort decedent but she became unstable and slumped to the floor whereupon she was escorted back to Cell 9.

41. At approximately 5:21 P.M., decedent was taken to the admissions area from Cell 9 where she had to stabilize herself and was taken back to Cell 9.

42. CO Dunbar stated that he had walked decedent to Cell 9 and recalls no difficulty in her gait, differing from the recollections of Corporal Mercer and CO Nimmo-Lee.

43. At 6:00 P.M. CO Annis noted that decedent did not have a body scan because she was unable to stand on the scanner. CO Annis noted that she provided fluids indirectly to decedent.

44. The recommendation to place decedent in the medical housing unit was not fulfilled. Moreover, the highest level of professional medical assessment decedent received was from an LPN (Licensed Practical Nurse).

45. At 3:09 P.M., MA Downing recorded decedent's blood pressure at 140/96 with a pulse of 57.

46. At 6:41 P.M., LPN Bloch recorded the same exact set of vital

signs as those recorded by MA Downing almost four hours earlier.

47. Neither set of vital signs reflect that decedent was evaluated for orthostatic hypotension. Moreover, because the two sets of vital signs where exactly the same, they cannot be considered accurate.

48. At 6:24 P.M., CO Annis provided food to Cell 9. While the details of the distribution are not currently known, decedent had no food remnants in her gastric contents at the time of autopsy indicating that she did not consume any solid food.

49. CO Annis reports that she walked by Cell 9 at 7:28 P.M., 7:41 P.M., 7:43 P.M., 7:52 P.M. and 7:58 P.M. when she claims to "checks" the "inmates". Though the presence of more than one inmate or the details of any such checking are not noted. CO Annis was said to "check" Cell 9 at 9:14 P.M., 9:35 P.M. and 10:21 P.M.

50. At 10:23 P.M., a head cell count in Cell 9 was purportedly conducted by COs Jeffrey Tratenburg and Daniel White who claimed to have observed decedent sitting upright on the bench in the cell and alert.

51. At 10:56 P.M., a code was called after CO Greg Pinciotti detected shallow breathing and discolored skin and MA Irma Arias found no pulse.

52. At 11:41 P.M., decedent was pronounced dead at Einstein Montgomery Hospital.

53. On December 27, 2018, an autopsy was performed and the cause of death was determined to be adverse effects of combined drugs (heroin, fentanyl, acetylfentanyl, buproprion, topiramate, buprenorphine fentanyl and norfentanyl) and cocaine use. Numerous scars (needle marks) were present in both forearms and hands.

Toxicologic significant drugs were found in the peripheral blood including an amount of six monoacetyl morphine suggesting that decedent utilized heroin while she was at MCCF. Lung views showed multi-focal acute pneumonia.

54. Dehydration secondary to opiate withdrawal was a substantial factor in decedent's death.

55. The most likely immediate cause of death involved dehydration as well as the toxic effects of multiple drugs.

56. As a direct and proximate result of defendants' unreasonable and unconstitutional conduct, decedent was caused to suffer the following:

> a. severe opiate withdrawal symptoms;
>
> b. dehydration;
>
> c. pain and suffering;
>
> d. emotional distress;
>
> e. mental anguish;
>
> f. cardiac arrest;
>
> g. loss of life's pleasures; and
>
> h. death.

57. Decedent left the following persons who are beneficiaries under the Wrongful Death Act:

> a. Philip J. Arcuri and Melanie Arcuri. See 42 Pa.C.S. Section 8301(b).

58. In view of the above, decedent's beneficiaries as aforesaid are entitled to damages under the Wrongful Death Act including, but not limited to, damages for medical, funeral, burial expenses and expenses of administration as well as any monetary support that decedent would

have provided to the beneficiaries during her lifetime.

59. Plaintiffs are entitled to bring this action on behalf of the estate of decedent under the Survival Act, 42 Pa.C.S. Section 8302.

60. Decedent's estate has been deprived of the economic value of decedent's life expectancy, and plaintiffs claim damages suffered by the estate as a result of decedent's death including, but not necessarily limited to, income, potential income, earnings, retirement income, social security income as well as damages for the conscious pain and suffering decedent endured prior to her death.

## COUNT I - CIVIL RIGHTS-42 U.S.C. SECTION 1983

## PLAINTIFFS VS. ALL DEFENDANTS

61. The averments of paragraphs 1 through 60 are incorporated herein and made a part hereof as if fully set forth at length.

62. Defendants in all their actions and inactions described herein with regard to decedent were all acting under the color of state law.

63. Defendants were deliberately indifferent to decedent's serious medical needs and thereby violated decedent's right to be free from cruel and unusual punishment under the Eighth Amendment to the United State Constitution.

64. Defendants herein deprived decedent of constitutional guaranteed liberty interest in violation of her right to due process of law under the Fourteenth Amendment to the United States Constitution.

65. Defendants were aware that plaintiffs' decedent had a clearly established constitutional right to bodily integrity and right to medical care for serious medical needs at the time of defendant's death.

66. Defendants' conduct, as set forth above, demonstrates that the harm caused to plaintiffs' decedent was a foreseeable and fairly direct result of defendants' conduct.

67. Defendants, when they learned of decedent's death, attempted to cover up their acts and omissions so as to avoid any culpability in decedent's death.

68. Defendant's conduct, as set forth above, demonstrates that defendants acted with deliberate indifference and conscious disregard of the great risk of serious harm to plaintiffs' decedent.

69. Defendants' conduct, as set forth herein, violated decedent's constitutional rights as guaranteed by the United States and Pennsylvania Constitutions, and remediable under 42 U.S.C. Section 1983.

70. As a direct and proximate result of defendants' unreasonable, unjustifiable and unconstitutional conduct, plaintiffs' decedent was caused to suffer the injuries described herein, including her death.

WHEREFORE, Plaintiffs, Philip J. Arcuri and Melanie G. Arcuri, Administrators of the Estate of Andrea Marie Arcuri, Deceased, demands judgment in their favor and against Defendants, County of Montgomery, Montgomery County Correctional Facility, Brian Leister, Tiare Nimmo-Lee, Dominic Williams, Chantell Roundtree, Corporal E. Mercer, Youngshil Dunbar, Kalena Annis, Jeffrey Tratenburg, Daniel White, Eric Mitchell, Gregory Pinciotti, Sean Gorman, Catherine Hiem and PrimeCare Medical, Inc., and damages provided under the Pennsylvania Survival and Wrongful death acts, jointly and severally, together with attorneys fees and costs, and pre- and post-judgment interest and any and all relief available pursuant to 42 U.S.C. Section 1983.

## COUNT II - CIVIL RIGHTS

### PLAINTIFFS VS. DEFENDANTS, COUNTY OF MONTGOMERY AND MONTGOMERY COUNTY CORRECTIONAL FACILITY

71. The averments of paragraphs 1 through 70 are incorporated herein and made a part hereof as if fully set forth at length.

72. Defendants' conduct, as set forth above, evinces a violation of decedent's constitutional rights, including those guaranteed by the Eighth and Fourteenth Amendments to the United States Constitution.

73. The conduct as set forth above demonstrates that Montgomery County and Montgomery County Correctional Facility failed to properly train, and/or failed to have a proper policy regarding training correctional officers and medical providers on the appropriate treatment and monitoring of individuals experiencing opiate withdrawal, thereby depriving decedent of her constitutional rights.

74. The conduct as set forth above demonstrates that Montgomery County and Montgomery County Correctional Facility failed to properly supervise and/or monitor and/or failed to have a proper policy regarding supervising and/or monitoring, correctional officers and medical providers on the appropriate treatment and monitoring of individuals experiencing opiate withdrawal, thereby depriving decedent of her constitutional rights.

75. The conduct as set forth above demonstrates that Montgomery County and Montgomery County Correctional Facility maintained policies procedures and practices that it knew provided inadequate treatment and monitoring of individuals experiencing opiate withdrawal that had previously resulted in the deprivation of constitutional rights and the death of inmates statewide undergoing opiate withdrawal. Despite this, defendant failed to amend, revise, or replace these policies,

procedures, and practices with appropriate policies, procedures, and practices thereby depriving decedent of her constitutional rights.

76. The conducts as set forth above indicates that Montgomery County and Montgomery County Correctional Facility failed to enforce the written policies regarding correctional officers and medical providers treatment and monitoring of individuals experiencing opiate withdrawal, specifically requirements that they be observed every thirty minutes by corrections officers thereby depriving decedent of her constitutional rights. Moreover, defendants failed to even house the decedent in the medical unit in violation of her rights.

77. The conducts as set forth above indicates that Montgomery County and Montgomery County Correctional Facility failed to properly supervise and/or monitor and/or failed to have a proper policy regarding supervising and/or monitoring, correctional officers and medical providers on the appropriate treatment and monitoring of individuals experiencing opiate withdrawal, thereby depriving decedent of her constitutional rights.

78. The conducts as set forth above indicates that Montgomery County and Montgomery County Correctional Facility maintained policies, procedures and practices that continued to delegate the responsibility for monitoring individuals with a serious medical need experiencing opiate withdrawal to inmate "babysitters" despite knowing that this practice resulted in the deprivation of constitutional rights and/or the death of inmates undergoing opiate withdrawal. Despite this, Defendants failed to amend, revise, or replace policies, procedures, and practices regarding delegating responsibility for monitoring individuals experiencing opiate withdrawal to inmate "babysitters" with

appropriate policies, procedures, and practices thereby depriving decedent of her constitutional rights.

79. The conduct as set forth above indicates that Montgomery County and Montgomery County Correctional Facility failed to properly train inmate "babysitters" in monitoring individuals experiencing opiate withdrawal, thereby depriving decedent of her constitutional rights.

80. The above-referenced actions are outrageous, egregious, and conscience-shocking, and rise to a level of intention to cause harm.

81. As a direct and proximate result of defendants' unreasonable, unjustifiable and unconstitutional conduct, decedent was cause to suffer the injuries including death.

WHEREFORE, Plaintiffs, Philip J. Arcuri and Melanie G. Arcuri, Administrators of the Estate of Andrea Marie Arcuri, Deceased, demand judgment in their favor and against Defendants, County of Montgomery and Montgomery County Correctional Facility and damages provided under the Pennsylvania Survival and Wrongful Death Acts, jointly and severally, together with attorneys fees and costs, and pre- and post-judgment interest and any and all relief available pursuant to 42 U.S.C. Section 1983.

### COUNT III - STATE LAW NEGLIGENCE

### PLAINTIFFS VS. PRIMECARE MEDICAL, INC.

82. The averments of paragraphs 1 through 81 are incorporated herein and made a part hereof as if fully set forth at length.

83. PrimeCare and its employee medical providers including LPN Nicole McFadden, LPN Bloch, medical assistant Marycka Downing and medical assistant Irma Arias had a duty to comply with generally

accepted medical standards of care in their medical treatment of decedent.

84. PrimeCare had a duty to establish policies, practices, and procedures to ensure that inmates admitted to the prison and undergoing opiate withdrawal, such as decedent, received proper treatment and monitoring. It failed to do so as follows:

a. Failure to ensure that decedent was placed in a medical unit per the advice of MA Downing.

b. Failure to adequately assess vital signs including ortho-static blood pressure after decedent was determined to have been dehydrated by LPN McFadden.

c. In failing to note that dehydration is a known risk factor for death in opiate withdrawal.

d. In failure to push fluids as would have been done if the decedent were in a medical unit.

e. In failing to follow the policies and procedures and protocols of the prison.

f. In failing to meet the standards of the National Commission on Correctional Health Care of which PrimeCare is a participant.

g. In failing to adequately follow any detox orders.

h. In failing to monitor decedent and provide her with additional water and electrolytes.

i. In failing to record decedent's temperature after 3:09 P.M.

j. In failing to adequately train its personnel on prison policies and procedures and in the proper medical procedures in

treating and monitoring someone in decedent's position.

85. As a direct and proximate result of defendants' unreasonable, unjustifiable and unconstitutional conduct, plaintiffs' decedent was caused to suffer the following:

      a. severe opiate withdrawal symptoms;

      b. dehydration;

      c. pain and suffering;

      d. emotional distress;

      e. mental anguish;

      f. cardiac arrest;

      g. loss of life's pleasures; and

      h. death.

WHEREFORE, Plaintiffs, Philip J. Arcuri and Melanie G. Arcuri, Administrators of the Estate of Andrea Marie Arcuri, Deceased, demand judgment in their favor and against Defendant, PrimeCare Medical, Inc. for damages in an amount consistent with their negligence and plaintiffs' losses.

### COUNT IV - STATE LAW NEGLIGENCE

### PLAINTIFFS VS. COUNTY OF MONTGOMERY AND
### MONTGOMERY COUNTY CORRECTIONAL FACILITY

86. The averments of paragraphs 1 through 85 are incorporated herein and made a part hereof as if fully set forth at length.

87. County of Montgomery and Montgomery County Correctional Facility had a duty to establish policies, practices, and procedures to ensure that inmates admitted to the prison and undergoing opiate withdrawal, such as decedent, received proper treatment and monitoring. It failed to do so as follows:

      a. Failure to ensure that decedent was placed in a medical

unit per the advice of MA Downing.

b. Failure to adequately assess vital signs including orthostatic blood pressure after decedent was determined to have been dehydrated by LPN McFadden.

c. In failing to note that dehydration is a known risk factor for death in opiate withdrawal.

d. In failure to push fluids as would have been done if the decedent were in a medical unit.

e. In failing to follow the policies and procedures and protocols of the prison.

f. In failing to meet the standards of the National Commission on Correctional Health Care.

g. In failing to adequately follow any detox orders.

h. In failing to monitor decedent and provide her with additional water and electrolytes.

i. In failing to record decedent's temperature after 3:09 P.M.

j. In failing to adequately train its personnel on prison policies and procedures and in the proper medical procedures in treating and monitoring someone in decedent's position.

k. In directing decedent to the prison rather than to a hospital in the first place.

l. In failing to redirect decedent to a hospital immediately after presentation to the prison.

m. In failing to have policies and procedures in place which would require more consistent and detailed monitoring of inmates such as those in decedent's position.

n. In failing to ensure that decedent was provided with even the most basic of medical treatment.

o. In failing to ensure that decedent did not possess drugs or have access to drugs such as heroin during and after her admission to the prison.

p. In failing to ensure that decedent did not possess or come into possession of drug paraphernalia during and after her admission into the prison.

q. In failing to ensure that decedent did not use heroin or any other prohibited drugs after the time of her admission into the prison.

88. As a direct and proximate result of defendants' unreasonable, unjustifiable and unconstitutional conduct, plaintiffs' decedent was caused to suffer the following:

a. severe opiate withdrawal symptoms;

b. dehydration;

c. pain and suffering;

d. emotional distress;

e. mental anguish;

f. cardiac arrest;

g. loss of life's pleasures; and

h. death.

WHEREFORE, Plaintiffs, Philip J. Arcuri and Melanie G. Arcuri, Administrators of the Estate of Andrea Marie Arcuri, Deceased, demand judgment in their favor and against Defendants, County of Montgomery and Montgomery County Correctional Facility for damages in an amount consistent with their negligence and plaintiffs' losses.

## COUNT V - STATE LAW FRAUD AND DECEIT

## PLAINTIFFS VS. ALL DEFENDANTS

89. The averments of paragraphs 1 through 88 are incorporated herein and made a part hereof as if fully set forth at length.

90. Defendants in this matter engaged in a pattern of fraudulent and deceitful behavior for the purpose of covering up their deliberate and negligent acts which resulted in decedent's death as follows:

a. Given the known half-life of six monoacetyl morphine, it is unlikely that six monoacetyl morphine would have been present at the time of death, as blood analysis shows, if decedent did not use heroin when she was in the custody of the prison.

b. It is unlikely that decedent could have presented no signs of medical distress at 10:23 P.M. as reported by correctional officers only to be found dead at 10:56 P.M. especially if the immediate cause of her death were dehydration and pneumonia.

c. It is unlikely that decedent's vital signs were exactly the same at 3:09 P.M. as they were at 6:41 P.M., suggesting that the second set of vital signs were not actually taken but were noted some time later based off the prior set of vital signs.

d. Defendants deceitfully lead investigators to believe that decedent was well by falsely suggesting that decedent was checked on when correctional officers merely waked by her cell.

91. The above actions and omissions of defendants amount to a fraudulent and deceitful cover-up by defendants in order to make it appear as if they hold no or a reduced culpability in decedent's death.

WHEREFORE, Plaintiffs, Philip J. Arcuri and Melanie G. Arcuri, Administrators of the Estate of Andrea Marie Arcuri, Deceased, demands

judgment in their favor and against Defendants, County of Montgomery, Montgomery County Correctional Facility, Brian Leister, Tiare Nimmo-Lee, Dominic Williams, Chantell Roundtree, Corporal E. Mercer, Youngshil Dunbar, Kalena Annis, Jeffrey Tratenburg, Daniel White, Eric Mitchell, Gregory Pinciotti, Sean Gorman, Catherine Hiem and PrimeCare Medical, Inc., and damages provided under the Pennsylvania Survival and Wrongful Death Acts, jointly and severally, together with attorneys fees and costs, and pre- and post-judgment interest and any and all relief available pursuant to 42 U.S.C. Section 1983.

## DEMAND FOR JURY TRIAL

Plaintiffs' demand a trial by jury as to all counts and all issues raised by this Complaint.

Respectfully submitted:

_____
CRAIG A. SOPIN, ESQUIRE
Attorney for Plaintiffs
Identification No. 49587
601 Walnut Street
The Curtis Center, Suite 160-W
Philadelphia, PA 19106
(215)928-0300

Date: October 29, 2020

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N⁰ **A0986-2019**

ESTATE OF **Andrea Marie Arcuri**
**AKA: ANDREA ARCURI**

Social Security No. **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**

WHEREAS, **Andrea Marie Arcuri**
late of **13018 Townsend Road, Philadelphia, PA 19154**

died on the **26th** day of **December** , **2018** ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, RONALD R. DONATUCCI, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration

to **Melanie Arcuri and Philip Arcuri**

who ha **ve** duly qualified as **Administrators** of the estate
of the above named decedent and ha **ve** agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at
Philadelphia, the **8th** day of **March** **2019**

*Deputy Register*

PHILIP J. ARCURI, ADMINISTRATOR OF :
THE ESTATE OF ANDREA MARIE ARCURI :
6604 Montague Street :
Philadelphia, PA 19135 :
    and :
MELANIE ARCURI, ADMINISTRATOR OF :
THE ESTATE OF ANDREA MARIE ARCURI :
1204 Scott Place :
Warwick, PA 18974 :
                Plaintiffs : NO.
     vs. :
                        :
COUNTY OF MONTGOMERY :
One Montgomery Plaza :
8th Floor, Suite 800 :
Norristown, PA 19404 :
    and :
MONTGOMERY COUNTY CORRECTIONAL :
FACILITY :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
BRIAN LEISTER :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
TIARE NIMMO-LEE :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
DOMINIC WILLIAMS :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
CHANTELL ROUNDTREE :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :
    and :
CORPORAL E. MERCER :
c/o Montgomery County :
Correctional Facility :
60 Eagleville Road :
Eagleville, PA 19403 :

```
                 and                          :
YOUNGSHIL DUNBAR                              :
c/o Montgomery County                        :
Correctional Facility                        :
60 Eagleville Road                           :
Eagleville, PA 19403                         :
                 and                          :
KALENA ANNIS                                 :
c/o Montgomery County                        :
Correctional Facility                        :
60 Eagleville Road                           :
Eagleville, PA 19403                         :
                 and                          :
JEFFREY TRATENBURG                           :
c/o Montgomery County                        :
Correctional Facility                        :
60 Eagleville Road                           :
Eagleville, PA 19403                         :
                 and                          :
DANIEL WHITE                                 :
c/o Montgomery County                        :
Correctional Facility                        :
60 Eagleville Road                           :
Eagleville, PA 19403                         :
                 and                          :
ERIC MITCHELL                                :
c/o Montgomery County                        :
Correctional Facility                        :
60 Eagleville Road                           :
Eagleville, PA 19403                         :
                 and                          :
GREGORY PINCIOTTI                            :
c/o Montgomery County                        :
Correctional Facility                        :
60 Eagleville Road                           :
Eagleville, PA 19403                         :
                 and                          :
SEAN GORMAN                                  :
One Montgomery Plaza                         :
8th Floor, Suite 800                         :
Norristown, PA 19404                         :
                 and                          :
CATHERINE HIEM                               :
One Montgomery Plaza                         :
8th Floor, Suite 800                         :
Norristown, PA 19404                         :
                 and                          :
PRIMECARE MEDICAL, INC.                      :
3940 Locust Avenue                           :
Harrisburg, PA 17109                         :
                         Defendants          :
```

## CERTIFICATE OF MERIT

Pursuant to Pa.R.Civ.Pro. 1042.3, this will certify that an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm.

Respectfully submitted:

CRAIG A. SOPIN, ESQUIRE
Attorney for Plaintiffs
Identification No. 49587
601 Walnut Street
The Curtis Center, Suite 160-W
Philadelphia, PA 19106
(215)928-0300