## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

———————————————————————— :
**PHILIP J. ARCURI and MELANIE ARCURI,**       :
**Administrators of the Estate of**        :
**Andrea Marie Arcuri,**        :
            **Plaintiffs,**       :
       **vs.**        :        **Civil Action No. 20-5408**
**COUNTY OF MONTGOMERY,** *et al.,*       :
            **Defendants.**        :
————————————————————————:

## O R D E R

AND NOW, this _____ day of _____, 202__, upon consideration of the Motion of Defendants County of Montgomery, Montgomery County Correctional Facility, Brian Leister, Tiare Nimmo-Lee, Chantell Roundtree, Corporal E. Mercer, Youngshil Dunbar, Kalena Annis, Jeffrey Tratenberg, Daniel White, Eric Mitchell, Gregory Pinciotti and Catherine Hiem (the "County Defendants") for Partial Dismissal of Plaintiff's Complaint, as well as Plaintiff's response thereto, it is hereby ORDERED and DECREED that the motion is GRANTED as follows:

1.     Counts I and II of Plaintiff's Complaint (under 42 U.S.C. § 1983) are DISMISSED as to Defendants County of Montgomery and Montgomery County Correctional Facility;

2.     Defendant Montgomery County Correctional Facility is DISMISSED WITH PREJUDICE as a defendant to this action;

3.     Count IV (state law negligence) is DISMISSED WITH PREJUDICE; and

4.     Count V (state law fraud and deceit) is DISMISSED WITH PREJUDICE as to the County Defendants.

BY THE COURT:

_____
                            U.S.D.J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                            :
**PHILIP J. ARCURI and MELANIE ARCURI,**    :
**Administrators of the Estate of**         :
**Andrea Marie Arcuri,**                    :
                     **Plaintiffs,**        :
              **vs.**                       :        **Civil Action No. 20-5408**
                                            :
**COUNTY OF MONTGOMERY,** *et al.*,         :
                     **Defendants.**        :
_____:


**MOTION OF DEFENDANTS COUNTY OF MONTGOMERY,**
**MONTGOMERY COUNTY CORRECTIONAL FACILITY, BRIAN LEISTER,**
**TIARE NIMMO-LEE, CHANTELL ROUNDTREE, CORPORAL E. MERCER,**
**YOUNGSHIL DUNBAR, KALENA ANNIS, JEFFREY TRATENBERG, DANIEL**
**WHITE, ERIC MITCHELL, GREGORY PINCIOTTI AND CATHERINE HIEM**
**FOR THE PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**


        Defendants County of Montgomery, Montgomery County Correctional Facility, Brian

Leister, Tiare Nimmo-Lee, Chantell Roundtree, Corporal E. Mercer, Youngshil Dunbar, Kalena

Annis, Jeffrey Tratenberg, Daniel White, Eric Mitchell, Gregory Pinciotti and Catherine Hiem (the

"County Defendants"), through their undersigned counsel, hereby move, pursuant to Federal

Rule of Civil Procedure 12(b)(6), for the partial dismissal of the complaint of plaintiffs Philip J.

Arcuri and Melanie Arcuri ("Plaintiffs").  In support of this motion, the County Defendants aver

as follows:

        1.        Plaintiffs, who are administrators of the estate of Andrea Marie Arcuri, bring this

action under 42 U.S.C. § 1983, claiming that Ms. Arcuri was denied medical care in violation of

her constitutional rights while undergoing opiate withdrawal during an incarceration at the

Montgomery County Correctional Facility ("MCCF") on December 26, 2018, allegedly resulting in her death.

2.     The complaint asserts § 1983 claims against the County of Montgomery ("County") and MCCF, against eleven individuals who were employed as correctional staff at MCCF, and against two County probation officers.  *See* Complaint (Exhibit A), Counts I & II. The complaint also asserts a claim of state law medical negligence against MCCF's medical care provider, PrimeCare Medical, Inc. (*see* Exhibit A, Count III), a state law claim of negligence against the County and MCCF (*see* Exhibit A, Count IV), and a state law claim for fraud and deceit against all defendants (*see* Exhibit A, Count V).

3.     Counts I and II of the complaint fail to state a claim against the County and MCCF under 42 U.S.C. § 1983 for a violation of the Eighth and Fourteenth Amendments. Specifically, the complaint fails to state sufficient facts to demonstrate a plausible claim that a policy or custom of the County or MCCF caused Ms. Arcuri's death.  *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

4.     MCCF must be dismissed with prejudice as a defendant to this action because, as a mere department, agency or facility of the County, it is not a legal entity subject to suit for money damages under Pennsylvania law, and it is not a "person" under 42 U.S.C. § 1983.  *See, e.g., Duffy v. County of Bucks*, 7 F. Supp.2d 569 (E.D. Pa. 1998); *Monastra v. Delaware County Sheriff's Office,* 49 A.3d 556 (Pa. Cmwlth. 2012).

5.     The state law negligence claim asserted against the County and MCCF in Count IV of the complaint is barred as a matter of law by the immunity provided under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*., because it does not fall within

any of that Act's eight narrowly construed exceptions to immunity for negligence claims. *See* 42 Pa. C.S. § 8542(b)(1)-(8).

6.     Likewise, Tort Claims Act immunity bars Count V of the complaint (state law fraud and deceit) as a matter of law with respect to the County and MCCF. *See, e.g., Lory v. City of Philadelphia*, 544 Pa. 38, 674 A.2d 673 (1996); *Egli v. Strimel*, No. 14-6204, 2015 WL 5093048 (E.D. Pa. Aug. 28, 2015).

7.     Moreover, the state law fraud claim (Count V) must be dismissed with prejudice as to all County Defendants because the complaint does not allege, and cannot allege, two essential elements of that tort – namely, justifiable reliance upon a material misrepresentation made by any County Defendant and a resulting injury proximately caused thereby. *See, e.g., Hart v. Arnold*, 884 A.2d 316 (Pa. Super. 2005); *Egli v. Strimel*, *supra*.

8.     In support of this motion, the County Defendants incorporate herein by reference the arguments and authorities set forth in their accompanying memorandum of law.

WHEREFORE, the County Defendants ask that their Motion for Partial Dismissal of Plaintiffs' Complaint be granted by entry of an Order, in the form of the accompanying proposed order:

A.     Dismissing Counts I and II the complaint as to Defendants County of Montgomery and Montgomery County Correctional Facility;

B.     Dismissing Defendant Montgomery County Correctional Facility from this action with prejudice;

C.     Dismissing Count IV of the complaint with prejudice; and

D.      Dismissing Count V of the complaint with prejudice as to the County Defendants.

Respectfully submitted,
MONTGOMERY COUNTY SOLICITOR'S OFFICE

*/s/ Philip W. Newcomer*
Philip W. Newcomer, Esquire
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA  19404-0311
610-278-3033

Counsel for Defendants,
County of Montgomery, Montgomery County
Correctional Facility, Brian Leister, Tiare Nimmo-
Lee, Chantell Roundtree, Corporal E. Mercer,
Youngshil Dunbar, Kalena Annis, Jeffrey
Tratenberg, Daniel White, Eric Mitchell, Gregory
Pinciotti and Catherine Hiem

Dated:  November 27, 2020

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

|  |  |  |
|---|---|---|
| PHILIP J. ARCURI and MELANIE ARCURI, | : | |
| **Administrators of the Estate of** | : | |
| **Andrea Marie Arcuri,** | : | |
| Plaintiffs, | : | |
| vs. | : | **Civil Action No. 20-5408** |
| | : | |
| COUNTY OF MONTGOMERY, *et al*., | : | |
| Defendants. | : | |

_____

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS
COUNTY OF MONTGOMERY, MONTGOMERY COUNTY CORRECTIONAL
FACILITY, BRIAN LEISTER, TIARE NIMMO-LEE, CHANTELL ROUNDTREE,
CORPORAL E. MERCER, YOUNGSHIL DUNBAR, KALENA ANNIS, JEFFREY
TRATENBERG, DANIEL WHITE, ERIC MITCHELL, GREGORY PINCIOTTI AND
CATHERINE HIEM FOR THE PARTIAL DISMISSAL OF PLAINTIFFS' COMPLAINT**

## I.    OVERVIEW OF THE ACTION

Plaintiffs Philip J. Arcuri and Melanie Arcuri ("Plaintiffs"), who are administrators of the

estate of Andrea Marie Arcuri, bring this action under 42 U.S.C. § 1983, claiming that Ms.

Arcuri was denied medical care in violation of her constitutional rights while undergoing opiate

withdrawal during an incarceration at the Montgomery County Correctional Facility ("MCCF")

on December 26, 2018, allegedly resulting in her death.

The complaint asserts § 1983 claims against the County of Montgomery ("County") and

MCCF, against eleven individuals who were employed as correctional staff at MCCF, and

against two County probation officers.[1]   *See* Complaint (Exhibit A), Counts I & II.   The

_____

[1] The undersigned counsel represents the County, MCCF, ten of the eleven named correctional
officers, and one of the two named probation officers (collectively, the "County Defendants").
Former correctional officer Dominic Williams and former probation officer Sean Gorman have
not yet been served and are currently unrepresented.

complaint also asserts a claim of state law medical negligence against MCCF's medical care provider, PrimeCare Medical, Inc. [2] (*see* Exhibit A, Count III), a state law claim of negligence against the County and MCCF (*see* Exhibit A, Count IV), and a state law claim for fraud and deceit against all defendants (*see* Exhibit A, Count V).  The County Defendants now move for partial dismissal of Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6).[3]

The complaint alleges that, on December 26, 2018, Plaintiffs' decedent reported to the Montgomery County Adult Probation Office in Norristown, PA for a required, routine visit. Exhibit A at ¶ 25.  At the visit, it appeared that Plaintiffs' decedent exhibited indicia of drug use. *Id*. at ¶ 26.  Her probation officers, "rather than sending her to a hospital or otherwise having her medically evaluated, ordered her transported to MCCF" because she was in violation of her probation.  *Id*.

Plaintiffs' decedent allegedly arrived at MCCF at approximately 2:15 PM.  Exhibit A at ¶ 27.  In the admissions unit of MCCF, correctional staff and PrimeCare medical staff are alleged to have observed Plaintiffs' decedent in an impaired state.  A PrimeCare medical assistant who conducted a medical evaluation of the decedent allegedly noted that she had used heroin that day,

---

[2] Defendant PrimeCare Medical, Inc. is represented by John R. Ninosky, Esquire of Marshall Dennehey Warner Coleman & Goggin.

[3] Under Fed. R. Civ. P. 12(a)(4)(A) the filing of a partial motion to dismiss suspends the deadline for filing an answer to unchallenged claims until 14 days after notice of the Court's action on the motion.  "Interpreting that rule, courts have held that filing a partial motion to dismiss will suspend the time to answer those claims or counterclaims that are not subject to the motion." *Gortat v. Capala Bros.*, 257 F.R.D. 353, 366 (E.D.N.Y. 2009); *see also Circuit City Stores v. Citgo Petroleum Corp.*, No. 92-CV-7394, 1994 U.S. Dist. LEXIS 12634, *12-13 (E.D. Pa. Sept. 7, 1994) (same); *Finnegan v. Univ. of Rochester Med. Ctr.*, 180 F.R.D. 247, 249-50 (W.D.N.Y. 1998) (collecting cases).  If the opposite rule controlled and partial motions to dismiss did not suspend a party's obligation to reply to additional claims, the result would be "a procedural thicket" of piecemeal answers that would poorly serve judicial economy.  *See Ricciuti v. New York City Transit Auth.*, 90-CV-2823, 1991 U.S. Dist. LEXIS 13981, 1991 WL 221110, at *5 (S.D.N.Y. Oct. 3, 1991).

2

that she had track marks on both arms, and that she was not oriented to time, person or place. Exhibit A at ¶ 29.   The medical assistant referred her to Medical Housing as her housing assignment after the intake process (*id*. at ¶ 30), and she was seen by a PrimeCare nurse who provided her with water and Gatorade when noting her dehydration.  *Id*. at ¶ 33.

The complaint alleges that, at various times while Plaintiffs' decedent was in the admissions unit, correctional staff walked past her cell.  *See, e.g*., Exhibit A at ¶¶ 34-38, 49-50. Plaintiffs question whether correctional staff truly observed the decedent during these checks.

Plaintiffs' decedent was provided with food in the admissions unit at 6:24 PM, which she apparently did not eat.   Exhibit A at ¶ 48.   Another PrimeCare nurse evaluated Plaintiffs' decedent in the admissions unit at approximately 6:41 PM, taking her vital signs.  *Id*. at ¶ 46.  A correctional officer who conducted a head-count in the admissions unit at 10:23 PM reported that Plaintiffs' decedent was sitting upright in her cell at that time.   *Id*. at ¶ 50.   Then, at approximately 10:56 PM, a medical emergency code was called after a correctional officer discovered Plaintiffs' decedent to have shallow breathing and discolored skin, and a PrimeCare medical assistant found no pulse.  *Id*. at ¶ 51.

Plaintiffs' decedent was transported to Einstein Montgomery Hospital, where she was pronounced dead by 11:41 PM.  Exhibit A at ¶ 52.  "[T]he cause of death was determined to be adverse effects of combined drugs heroin, fentanyl and norfentanyl and cocaine use."  *Id*. at ¶ 53.

Plaintiffs pursued pre-complaint discovery in a state court action against the County and MCCF.  *Arcuri v. County of Montgomery, et al*., Montgomery County Court of Common Pleas, Civil Docket No. 2020-11329 (filed Jul. 6, 2020).   Thereafter, on Plaintiffs commenced this timely federal action on October 29, 2020.

As explained below, Counts I and II of the complaint fail to state a claim against the County and MCCF under 42 U.S.C. § 1983 for a violation of the Eighth and Fourteenth Amendments because the complaint fails to state sufficient facts to demonstrate a plausible claim that a policy or custom of the County or MCCF caused Ms. Arcuri's death, as is required by *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978). MCCF also should be dismissed with prejudice from this action because it is not a legal entity and is not a "person" under § 1983. Count IV (a state law negligence claim against the County and MCCF) must be dismissed with prejudice because it is barred by immunity under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq*. Count V (a state law fraud) must be dismissed with prejudice as to the County Defendants because Tort Claims Act immunity bars the claim against the County and MCCF, and the complaint does not allege, and cannot allege, facts to demonstrate two essential elements of that claim – namely, justifiable reliance and a resulting injury. The County Defendants' motion for partial dismissal of Plaintiffs' complaint should be granted in its entirety.

## II.   STANDARD OF REVIEW

The Supreme Court clarified the standard of review for a Rule 12(b)(6) motion in the much-discussed case of *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). *Twombly* teaches that dismissal of a complaint is appropriate if, accepting as true all of the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face." 550 U.S. at 570. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation [under Rule 8(a)(2)] to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and the formulaic recitation of the elements of a cause of action will not do." *Id*. at 555-56 (citations

4

omitted).  To survive a motion to dismiss, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level[.]"  *Id.* at 555.  A plaintiff must have "nudged [his] claim across the line from conceivable to plausible, or [his] complaint must be dismissed." *Id.* at 570.

The Supreme Court's subsequent opinion in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), establishes that the *Twombly* "facial plausibility" pleading requirement applies to all civil suits in the federal courts.  After *Iqbal,* it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal,* 556 U.S. at 678.  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly,* 550 U.S. at 557).  To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible.  This "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

Analyzing *Twombly* and *Iqbal,* the Third Circuit has offered the following analysis of the process to be undertaken in deciding a motion to dismiss:

> Therefore, after *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  *Id.*  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'  *Id.* at 1950.  In other words, a complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 234-35.  As the Supreme Court instructed in *Iqbal*, '[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the pleader is entitled to relief.' '  *Iqbal*, 129 S.Ct. at 1949.  This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.' *Id.*

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  Applying this standard, the County Defendants' motion for partial dismissal of the complaint should be granted.

## III.   ARGUMENT

### A.   The Complaint Fails To State A § 1983 Claim Against The County And MCCF Under *Monell.*

In Counts I and II of the complaint, Plaintiffs seek to assert claims under 42 U.S.C. § 1983 against the County Defendants, including the County itself and MCCF, for alleged violations of the Eighth and Fourteenth Amendments.  Under *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), a plaintiff may maintain a § 1983 action against local government agencies such as the County and MCCF only where the local agency's own "policy or custom" causes a deprivation of constitutional rights.  436 U.S. at 694 (a local government has no vicarious or *respondeat superior* liability under § 1983; liability can only arise from the government's own policy or custom).  A local government's "policy" is a "statement, ordinance, regulation or decision officially adopted and promulgated by [a local governing] body's officers." *Simmons v. City of Philadelphia*, 947 F.2d 1042, 1059 (3d Cir.1991) (citing *Monell*, 436 U.S. at 690).  A local government's "custom," which lacks the formal approval of a policy, requires a showing of practices that are "so permanent and well settled to constitute a custom or usage with the force of law." *Id.* (citing *Monell*, 436 U.S. at 691).

The local government's policy or custom must be the "moving force" behind the constitutional deprivation if the local government is to be held liable.  *Kentucky v. Graham,* 473 U.S. 159, 166 (1985); *Grazier v. City of Philadelphia*, 328 F.3d 120, 125 (3d Cir. 2003).  There must be "a 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation' to ground municipal liability." *Jiminez v. All American Rathskeller, Inc.,* 503 F.3d 247, 249-50 (3d Cir. 2007) (quoting *City of Canton v. Harris,* 489 U.S. 378, 385

(1989)).  As explained below, the complaint does not allege sufficient facts to demonstrate it to be plausible that the death of Plaintiffs' decedent was caused by a policy or custom of the County or MCCF.

### 1.    Formal Policy

With regard to formal policies of the County and MCCF, the complaint alleges, in boilerplate fashion, that:

> Montgomery County and Montgomery County Correctional Facility maintained policies … that it knew provided inadequate treatment and monitoring of individuals experiencing opiate withdrawal that had previously resulted in the deprivation of constitutional rights and the death of inmates statewide undergoing opiate withdrawal.  Despite this, defendant failed to amend, revise, or replace these policies … with appropriate policies, … thereby depriving decedent of her constitutional rights.

Exhibit A at ¶ 75.

Despite having the benefit of taking pre-complaint state court discovery prior to filing their complaint, Plaintiffs do not identify or state the contents of any policy they consider "inadequate," do not identify any alleged individual or authority connected to the formation and implementation of the policy, do not identify the source of the policy's official adoption, do not identify the alleged deficiency in the policy, do not set forth circumstances that constitute deliberate indifference pertaining to the policy, and do not describe the causal relationship between the policy and the death of Plaintiff's decedent.  It is not enough to make a purely conclusory allegation of the existence of a deficient County policy; the pleading must demonstrate with its facts that an identified policy was the cause of Plaintiff's injury.  *See Twombly, supra*; *Iqbal, supra*.  Plaintiffs do not do so here.  The complaint lacks facts necessary to demonstrate a plausible *Monell* claim against the County and MCCF on the basis of a municipal policy.

2.      **Custom**

The complaint not only fails to state a *Monell* claim on the basis of formal policy, but it also lacks facts necessary to demonstrate it to be plausible that the death of Plaintiffs' decedent was caused by a County custom that was "so permanent and well settled as to virtually constitute law." *Kelly v. Borough of Carlisle*, 622 F.3d 248, 263 (3d Cir. 2010).

The complaint does not allege facts to demonstrate any identified "custom" – that is, any wide-spread practice so permanent and well-settled as to virtually constitute law. The complaint does not describe any individuals or authorities connected to the formation and implementation of any custom. The complaint does not describe the circumstances that have caused the informal adoption or formation of any alleged custom. Moreover, the complaint does not describe how any custom was the moving cause of the death of Plaintiffs' decedent.

"There is no bright line rule which establishes how widespread a practice must be [to become a "custom"], but courts have held that a single instance is not enough." *Washington-Pope v. City of Philadelphia*, No. 12-4300, 2015 U.S. Dist. LEXIS 158522, *35 (E.D. Pa. Nov. 23, 2015); *see also City of Oklahoma v. Tuttle*, 471 U.S. 808, 821 (1985) (striking down a jury instruction that had "allowed the jury to impose liability on the basis of … a single incident"); *Fletcher v. O'Donnell*, 867 F.2d 791, 793 (3d Cir. 1989) (a single incident ordinarily "does not suffice to establish either an official policy or a custom"); *Wilson v. Cook County,* 742 F.3d 775, 780 (7th Cir. 2014) ("Although this court has not adopted any bright-line rules for establishing what constitutes a widespread custom or practice, it is clear that a single incident – or even three incidents – do not suffice."). The complaint here does not allege any facts beyond the events of December 26, 2018. *See* Exhibit A. That day's events – as cases such as *Tuttle*, *Fletcher*, *Washington-Pope* and *Wilson*, *supra* establish – are insufficient in and of themselves to

8

demonstrate a permanent and well-settled municipal custom.  The complaint simply lacks facts necessary to demonstrate it to be plausible that the death of Plaintiffs' decedent was caused by a custom of the County and MCCF.  *See Twombly, supra*; *Iqbal, supra*.

### 3.    Failure To Train Or Supervise

In certain limited circumstances, "[m]unicipal liability can be predicated upon a failure to train." *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005).  The Supreme Court has observed, though, that "[a] municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The Supreme Court has held that:

> [o]nly where a municipality's failure to train its employees in relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983. ... Only where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality -- a 'policy' as defined by our prior cases -- can a city be liable for such a failure under § 1983.

*City of Canton,* 489 U.S. at 389.  "Mere proof that an injury could have been avoided if the municipal officer or employee had better or more training is not enough to show municipal liability under a 'failure to train' *Monell* claim.  Instead, plaintiff must show that the training deficiency was the actual cause of the violation of Plaintiffs' civil rights." *White v. Brommer,* 747 F. Supp.2d 447, 463 n. 42 (E.D. Pa. 2010) (citing *City of Canton,* 489 U.S. at 390-91).  "A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for ... failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011) (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997)).

In the present case, the complaint makes broad-brush, conclusory allegations that the County and MCCF "failed to properly train … correctional officers and medical providers on the

appropriate treatment and monitoring of individuals experiencing opiate withdrawal" and "failed to properly train inmate 'babysitters' in monitoring individuals experiencing opiate withdrawal[.]"   Exhibit A at ¶ 73.   These allegations, however, are not enough.   Facts demonstrating a pattern of similar constitutional violations by untrained employees is ordinarily necessary to demonstrate deliberate indifference for failure to train (*see Connick,* 563 U.S. at 62), but no such pattern of similar constitutional violations is alleged here.   Further, the complaint fails to plead facts demonstrating that any alleged failure to train "reflects a 'deliberate' or 'conscious' choice" by the County and MCCF – "a 'policy' as defined by our prior cases[.]" *City of Canton,* 489 U.S. at 389.   Moreover, the complaint does not show, with facts, that any training deficiency was the actual cause of a violation of Plaintiff's civil rights.   *See White,* 747 F. Supp.2d at 463 n.42 (citing *City of Canton,* 489 U.S. at 390-91).

"Similarly, to properly allege failure to supervise under *Monell*, the Third Circuit has required a plaintiff to show that a municipality has 'contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate.'"   *Simpson v. Ferry*, 202 F. Supp.3d 444, 455 (E.D. Pa. 2016) (quoting *Montgomery v. De Simone*, 159 F.3d 120, 127 (3d Cir. 1998)).   "Policymakers['] 'continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action — the 'deliberate indifference' — necessary to trigger municipal liability.'" *Buoniconti v. City of Philadelphia*, 148 F.Supp.3d 425, 440 (E.D. Pa. 2015) (quoting *Brown*, 520 U.S. at 407).

Here, with respect to any alleged failure to supervise, the complaint does not set forth facts to demonstrate, as the Third Circuit requires, that the policy-makers of the County and MCCF had "contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances under which the supervisor's actions or inaction could be found to have communicated a message of approval to the offending subordinate." *Montgomery*, 159 F.3d at 127.

In sum, no facts are stated in the complaint to demonstrate that an unconstitutional deficiency in training or supervision was the plausible moving cause of the alleged wrongful death at issue.  The complaint fails to state facts necessary to demonstrate a plausible *Monell* claim against the County and MCCF, as *Twombly, supra* and *Iqbal, supra* require.  Counts I and II of the complaint should be dismissed as to the County and MCCF.

**B.     MCCF Is Not A Proper Defendant To This Action.**

Under Federal Rule of Civil Procedure 17(b), the capacity of a party to be sued in federal district court is "determined by the law of the state in which the district court is held," which in this case is Pennsylvania.  Fed. R. Civ. P. 17(b).  Pennsylvania law extends to counties the legal capacity to sue or be sued.  16 P.S. § 202(2).  There is no authority under Pennsylvania law, however, permitting a department, agency or facility of a county government – such as MCCF – to be sued for money damages as a separate legal entity.  As a mere a department, agency or facility of county government, MCCF is not a separate legal entity, and it is not subject to suit as a "person" under 42 U.S.C. § 1983.  *See, e.g., Duffy v. County of Bucks*, 7 F. Supp.2d 569, 579 (E.D. Pa. 1998) ("The Probation Dept. is not a proper defendant under § 1983 because it has no legal identity separate from Bucks County; it is not a 'person' under § 1983."); *Wiggins v. Montgomery County Correctional Facility*, Civ. A. No. 87-6992, 1987 WL 14721, *1 (E.D. Pa.

Nov. 16, 1987) ("[T]he Montgomery County Correctional Facility is *not* a person under §1983. For this reason alone, the complaint must be dismissed." (emphasis in original)); *Duvall v. Borough of Oxford*, Civ. A. No. 90-629, 1992 WL 59163, *2 (E.D. Pa. Mar. 19, 1992) (dismissing claim against the Chester County prison because it has "no separate corporate existence from Chester County" and thus is not a "person" subject to suit under § 1983); *Monastra v. Delaware County Sheriff's Office,* 49 A.3d 556, 558 (Pa. Cmwlth. 2012) (affirming judgment for defendant police department and sheriff's office because sub-units of political subdivisions "are not legal entities separate from their political subdivisions" under Pennsylvania law). MCCF is not a proper party to this case. It should be dismissed with prejudice from this action as a matter of law.

### C. The Complaint's Negligence Claim Against The County And MCCF (Count IV) Is Barred By Immunity Under Pennsylvania's Political Subdivision Tort Claims Act.

In Count IV of the complaint, Plaintiffs seek to assert a claim for negligence against the County and MCCF under Pennsylvania law. As a matter of law, however, the County and MCCF are immune from this claim under Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa. C.S. § 8541, *et seq.*

Section 8541 of the Tort Claims Act provides:

> Except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

42 Pa. C.S. § 8541. The Tort Claims Act defines a "local agency" as "[a] government unit other than the Commonwealth government." 42 Pa. C.S. § 8501 (definition of "local agency"). Thus, counties and their agencies or departments are "local agencies" for purposes of determining Tort Claims Act immunity. *See, e.g., Dec v. Pennsylvania State Police*, No. 12-565, 2012 WL

6099078, at *12 (W.D. Pa. Dec. 7, 2012) ("The County and the County District Attorney's Office, as municipal agencies, are completely immune from liability for state tort claims under Pennsylvania's Political Subdivisions Tort Claims Act").

A claim for injury to person or property can be maintained against the local government agency __*only*__ if the claim alleges negligence which falls within one of the eight narrowly-construed exceptions to immunity set forth in § 8542(b) of the Tort Claims Act.  42 Pa. C.S. § 8542(b).  Those eight exceptions are for the following:

    (1)  operation of a vehicle,
    (2)  injury caused to personal property,
    (3)  injury caused by the care, custody or control of real property,
    (4)  dangerous conditions of trees, traffic controls and street lights,
    (5)  dangerous conditions of utility service facilities,
    (6)  dangerous conditions of streets,
    (7)  dangerous conditions of sidewalks, and
    (8)  the care custody or control of animals.

42 Pa. C.S. § 8542(b)(1)-(8).  The Supreme Court of Pennsylvania repeatedly has held that, "[b]ecause of the clear intent to insulate government from exposure to tort liability for any of its acts, [the eight] exceptions carved out by the Legislature from this general rule [of immunity] are strictly construed."  *Kiley by Kiley v. City of Philadelphia*, 537 Pa. 502, 645 A.2d 184, 185-86 (1994) (citing *Love v. City of Philadelphia*, 518 Pa. 370, 543 A.2d 531 (1988) and *Snyder v. Harmon*, 522 Pa. 424, 562 A.2d 307 (1989)).  *See also, Weaver v. Franklin County*, 918 A.2d 194, 200 (Pa. Cmwlth. 2007) ("These exceptions are strictly construed and narrowly interpreted.").

Under Pennsylvania law, it is Plaintiffs' burden to plead and then prove facts to demonstrate that Plaintiffs' negligence claim falls within one of these eight narrowly-interpreted exceptions to Tort Claims Act immunity.  *See, e.g., Simko v. County of Allegheny*, 869 A.2d 571, 574 (Pa. Cmwlth. 2005) ("[a] plaintiff has the burden of demonstrating" that "the injury must

have been caused by the negligent acts of the local agency or an employee [there]of" and that the action "fall[s] within one of the exceptions to governmental immunity set forth in 42 Pa. C.S. § 8542(b)"); *Carpenter v. Pleasant*, 759 A.2d 411, 413-14 (Pa. Cmwlth. 2000) (plaintiff "had the burden to prove that the City had requisite notice of the malfunctioning lights" needed to satisfy "the traffic light exception to governmental immunity under the Political Subdivision Tort Claims Act"); *Santori v. Snyder*, 165 Pa. Cmwlth. 505, 645 A.2d 443, 447 (1994) (it is plaintiff's "burden to prove that her claim falls within the real property exception to governmental immunity"); *Steiner by Steiner v. City of Pittsburgh*, 97 Pa. Cmwlth. 440, 509 A.2d 1368, 1370 (1986) ("burden of proof faced by [plaintiff-]appellants" includes proving "that their injuries were caused by the negligent acts of the agency or its employees acting within the scope of their duties with respect to one of the categories of waiver").  As a matter of law, Plaintiffs cannot meet their burden here.

In the present case, Plaintiffs' allegations of negligence against the County and MCCF concern the defendants' care, custody or control over Plaintiffs' decedent.  Count IV of the complaint alleges that the "County of Montgomery and Montgomery County Correctional Facility had a duty to establish policies, practices, and procedures to ensure that inmates admitted to the prison and undergoing opiate withdrawal, such as decedent, received proper treatment and monitoring" but negligently "failed to do so[.]"  Exhibit A at ¶ 87.  There is no exception to Tort Claims Act immunity, however, for allegations of negligent medical treatment.  *See Boynes v. County of Lawrence*, No. 15-139, 2015 WL 8992556, at *8 (W.D. Pa. Dec. 16, 2015) ("Under Pennsylvania law, Lawrence County is immune from the allegations in the complaint asserting that the County is either directly or vicariously liable for the medical malpractice of its employees."); *Davis v. County of Westmoreland*, 844 A.2d 54, 56 (Pa. Cmwlth. 2004) ("Medical

negligence is not covered by any of the exceptions to governmental immunity provided in Section 8542 of the Code."); *Helsel v. Complete Care Servs., L.P.*, 797 A.2d 1051, 1054 (Pa. Cmwlth. 2002) ("A wrongful death or medical negligence action against a county facility is barred by statutory governmental immunity."); *City of Philadelphia v. Glim*, 149 Pa. Cmwlth. 491, 498, 613 A.2d 613, 616-17 (1992) ("negligence involving medical treatment does not fall within any of the governmental immunity exceptions at 42 Pa. C.S. § 8542(b)"). Likewise, there is no exception to Tort Claims Act immunity for the negligent monitoring of inmates. *Cf.* 42 Pa. C.S. § 8542(b)(1)-(8).

Plaintiffs' allegations of negligence against the County and MCCF do not fall within the scope of any of the eight strictly construed and narrowly interpreted exceptions to Tort Claims Act immunity found in Section 8542(b) of the Act. Consequently, Count IV of the complaint must be dismissed with prejudice.

> **D.** **Count V Of The Complaint Fails To State A Claim Against The County Defendants For Fraud And Deceit Under Pennsylvania Law.**

Count V of the complaint purports to state a claim against all defendants for "state law fraud and deceit." Exhibit A at pg. 25. Plaintiffs sweepingly allege that all defendants "engaged in a pattern of fraudulent and deceitful behavior for the purpose of covering up their deliberate and negligent acts which resulted in decedent's death[.]" *Id*. at ¶ 90. Without attributing any specific conduct to any particular defendants, the complaint alleges that the "actions and omissions of defendants amount to a fraudulent and deceitful cover-up by defendants in order to make it appear as if they hold no or a reduced culpability in decedent's death." *Id*. at ¶ 90. Of course, fraud claims must be pleaded with particularity under Rule 9(B), and the complaint fails

to do this.  *See* Fed. R. Civ. P. 9(b).[4]  But more importantly, the complaint's allegations cannot establish a claim for common law fraud against the County Defendants for two compelling reasons:  First, the County and MCCF are immune from this intentional tort claim under Pennsylvania's Political Subdivision Tort Claims Act.  Second, the complaint does not allege, and cannot allege, that Plaintiffs suffered an injury because they justifiably relied to their detriment upon any false representation allegedly attributable to any County Defendant.

### 1.  Tort Claims Act Immunity

Under the Tort Claims Act, a claim for injury to person or property can be maintained against the local agency only if "[t]he injury was caused by the <u>negligent acts</u> of the local agency or an employee thereof[.]"  42 Pa. C.S. § 8542(a)(2) (emphasis added); *see also*, *Lory v. City of Philadelphia*, 544 Pa. 38, 42, 674 A.2d 673, 675 (1996) ("The Tort Claims Act … renders the city immune from claims based on willful or malicious conduct.  It waives governmental immunity only with respect to 'negligent acts'[.]"), *cert. denied*, 519 U.S. 870 (1996).  Plaintiff, therefore, cannot hold the County or MCCF liable for any allegedly fraudulent acts of their officials, employees or agents, as the complaint improperly attempts to do in Count V.  *See, e.g., Egli v. Strimel*, No. 14-6204, 2015 WL 5093048, at *6 (E.D. Pa. Aug. 28, 2015) ("Turning to Plaintiff's intentional tort claims for fraud, civil conspiracy, and tortious interference, the Court first notes that Defendant Radnor Township is a local agency that is immune from intentional

---

[4] To satisfy Rule 9(b)'s heightened pleading standard, a plaintiff "must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."  *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007).  Here, the complaint wholly fails to allege which defendant misrepresented or concealed what to whom, as well as when and how they allegedly did it.  Instead, Count V impermissibly relies upon blanket allegations of a "cover-up" by the collective "defendants."

tort claims pursuant to the Pennsylvania Political Subdivision Tort Claims Act[.]"); *DeBellis v. Kulp*, 166 F. Supp.2d 255, 278 (E.D. Pa. 2001) ("Under the Act, local agencies are not liable for injuries caused by their own acts or acts of their employees that constitute 'a crime, actual fraud, malice, or willful misconduct[.]'").

The County and MCCF cannot be held liable for the intentional tort of fraud and deceit given their immunity under the Tort Claims Act.  Count V must be dismissed with prejudice as to these two local agency defendants.

### 2.  The Lack Of Justifiable Reliance And Resulting Injury

In *Egli v. Strimel,* the Honorable L. Felipe Restrepo set forth the elements of common law fraud under Pennsylvania law as follows:

> To withstand a Rule 12(b)(6) motion to dismiss a fraud claim brought under Pennsylvania law, a plaintiff must allege: '(1) a representation; (2) which is material to the transaction at hand; (3) made falsely, with knowledge of its falsity or recklessness as to whether it is true or false; (4) with the intent of misleading another into relying on it; as well as (5) justifiable reliance on the misrepresentation; and (6) the resulting injury was proximately caused by the reliance.' *Hart v. Arnold*, 884 A.2d 316, 339 n.7 (Pa. Super. 2005).

*Egli v. Strimel*, No. 14-6204, 2015 WL 5093048, at *6 (E.D. Pa. Aug. 28, 2015) (emphasis added).  Here, the complaint is devoid of allegations establishing the fifth and sixth necessary elements of fraud, and the very filing of the complaint logically precludes the pleading of those two elements.

Plaintiffs' fraud claim rests upon a supposed after-the-fact "cover-up" orchestrated "by defendants in order to make it appear as if they hold no or a reduced culpability in decedent's death."  *Id*. at ¶ 90.  Yet, despite this alleged "cover-up", Plaintiffs have filed this timely action alleging defendants' full culpability in decedent's death.  Plaintiffs never allege that they justifiably relied upon any material misrepresentation by any particular defendant.  Plaintiffs also

never allege that they suffered any injury proximately caused by their justifiable reliance upon any misrepresentation made by any defendant.  Indeed, in light of the timely filing of this action preserving Plaintiffs' claims, Plaintiffs cannot plausibly plead the missing allegations of "justifiable reliance" and "resulting injury" at this point.  Count V must be dismissed with prejudice as to all of the County Defendants because Plaintiffs have not alleged, and cannot now allege, two essential elements of the cause of action of common law fraud under Pennsylvania law.

**IV.   CONCLUSION**

For the foregoing reasons, the County Defendants ask that this Court grant their motion for partial dismissal of Plaintiffs' complaint and thereby:

E.   Dismiss Counts I and II the complaint as to Defendants County of Montgomery and Montgomery County Correctional Facility;

F.   Dismiss Defendant Montgomery County Correctional Facility from this action with prejudice;

G.   Dismiss Count IV of the complaint with prejudice; and

H.      Dismiss Count V of the complaint with prejudice as to the County Defendants.

Respectfully submitted,
MONTGOMERY COUNTY SOLICITOR'S OFFICE


*/s/ Philip W. Newcomer*
Philip W. Newcomer, Esquire
One Montgomery Plaza, Suite 800
P.O. Box 311
Norristown, PA  19404-0311
610-278-3033

Counsel for Defendants,
County of Montgomery, Montgomery County
Correctional Facility, Brian Leister, Tiare Nimmo-
Lee, Chantell Roundtree, Corporal E. Mercer,
Youngshil Dunbar, Kalena Annis, Jeffrey
Tratenberg, Daniel White, Eric Mitchell, Gregory
Pinciotti and Catherine Hiem

Dated:  November 27, 2020

## <u>CERTIFICATE OF SERVICE</u>

I, Philip W. Newcomer, hereby certify that the Motion Defendants County of Montgomery, Montgomery County Correctional Facility, Brian Leister, Tiare Nimmo-Lee, Chantell Roundtree, Corporal E. Mercer, Youngshil Dunbar, Kalena Annis, Jeffrey Tratenberg, Daniel White, Eric Mitchell, Gregory Pinciotti and Catherine Hiem for Partial Dismissal of Plaintiffs' Complaint was served electronically on the 27th day of November, 2020 via the Court's ECF System, upon the following counsel of record:

Craig A. Sopin, Esquire
601 Walnut Street
The Curtis Center, Suite 160-W
Philadelphia, PA 19106
*Counsel for Plaintiffs*

John R. Ninosky, Esquire
Marshall Dennehey Warner Coleman & Goggin
100 Corporate Center Drive
Suite 201
Camp Hill, PA  17011
*Counsel for Defendant PrimeCare Medical, Inc.*

/s/ Philip W. Newcomer
Philip W. Newcomer, Esquire